IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTICT OF NEW YORK



```
- - : - - - - - - - :
                            :
UNITED STATES OF AMERICA,   :
                            :
     - v -                  :    CR. 10 Crim. 1009
                            :
                            :    ( Judge Hellerstein )
CHRISTOPHER WEISSWANG.      :
- - - - - - - - - X
```

MOTION TO DISMISS THE INDICTMENT
PURSUANT TO FED. R. CRIM. PROC. 12 (b)(3)(B), et.al.

COMES NOW, the defendant and files this Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. Proc. 12 (b)(3)(B), et. al.

The Rule provides that a defendant may "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  See: United States v Wexler, 621 F. 2d 1218 ( 2d Cir. 1980), United States v Rigas, 583 F.3d 108, 2009 WL 3166066, at *5 (2d Cir. Oct. 5, 2009).

The Grand Jury Indictment states the defendant ... assaulted... forcibly resisted arrest. . . all in violation of 18 U.S.C. § 111 and 2.

The Indictment is to fend off, to cover up the brutal assualt of the United States Marshalls on the defendant.

*[Handwritten annotation: Motion Denied. A factual dispute of material allegations of a crime is not basis to dismiss an indictment. 2·23·11 AKHellerstein]*

The defendant was walking on the street and an individual asked what is your name in an agressive manner. The individual did not identify himself. The defendant ran not knowing what danger was present. The individual; still not identified shot the defendant with a taser. The defendant went crashing to the ground. The individual then struck the defendant on the ground in a pool of blood with his revolver. The defendant was handcuffed. The individual then proceeded to taser the defendnat repeatly, while he was lying on the ground, handcuffed, in a pool of blood. The individual sat on the defendant's back. The defendant was hauled up regardless of his injuries by the handcuffs and taken to the ambulance. This is a very simple description of what occurred. The defendant encloses a copy of a video disk for the court to review. This disk in in the hands of the A.U.S.A. and the Public Defender.

The defendant has filed a Civil Rights law suit.

The tape will reveal at no time was the defendant in any possible position to assualt, resist, or do anything to the U.S. Marshalls.

An Indictment can be a rather simple document however it should not be utilized to cover another crime or state a false crime. United States v Trapilo, 130 F 3d 547 (2d 1997), A. Terzi Prods., Inc. v Theatrical Productions, 2 F Supp 2d 485 (S.D.N.Y. 1998).

The court must hold a hearing and review this matter.

Respectfully submitted this 21 day of February 2011.

Christopher Weisswang
63886-054
MCC
150 Park Row
New York, N.Y. 10007

- 2. -